FILED
2017 Aug-04  PM 02:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT A

ELECTRONICALLY FILED
8/4/2017 3:01 PM
01-CV-2017-902690.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01<br><br>Date of Filing:<br>07/04/2017 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JARROD BENEFIELD v. CAPTAIN D'S, LLC.

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
　　Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
　　Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

　　R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| WEL038 | 7/4/2017 3:01:29 PM | /s/ JOHN B. WELSH |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**   ☐ YES ☐ NO ☑ UNDECIDED

ELECTRONICALLY FILED
8/4/2017 3:01 PM
01-CV-2017-902690.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| JARROD BENEFIELD, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.: _____ ) |
| CAPTAIN D's, LLC a foreign corporation; | ) ) ) |
| Defendants. | ) |

**FICTITIOUS DEFENDANTS: No. 1**, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor at the premises in question in this lawsuit; **No. 2**, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to JARROD BENEFIELD and other invitees at the premises in question in this lawsuit; **No. 3**, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named JARROD BENEFIELD; **No. 5**, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; **No. 6**, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; **No. 7**, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, JARROD BENEFIELD, while at the premises involved in the occurrence made the basis of this suit; **No. 8**, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; **No. 9**, whether singular or plural, that entity or those entities who or which controlled or had a duty to controlled the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; **No. 10**, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities which reinsured or provided

excess coverage;  No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein;  No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, JARROD BENEFIELD, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

|                  |   |
|------------------|---|
|                  | ) |
| **Defendants.**  | ) |

## COMPLAINT

1.      Plaintiff, JARROD BENEFIELD, is an individual resident citizen of the State of Alabama and is over the age of nineteen (19) years of age.

2.      Defendant, CAPTAIN D's, LLC., is a foreign corporation doing business in the State of Alabama and the County of Jefferson.

3.      At the time and place made the basis of this lawsuit, and for some time prior thereto, the other fictitious party defendants are described as follows: **No. 1,** whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor and/or walkways located on the defendant's premises in Walker County, AL; **No. 2,** whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding floor and/or walkway conditions that were hazardous to JARROD BENEFIELD and other patrons of the premises in question in this lawsuit; **No. 3,** whether singular or plural, that entity or those entities who or which had a duty to inspect the floor and/or walkway in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the floor and/or dock used for travel by the patrons at the business in question and at issue in this lawsuit; **No. 4,** whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous floor and/or walkway conditions to be present on the premises in

question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named JARROD BENEFIELD; **No. 5,** whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the premises in question and at issue in this lawsuit; **No. 6,** whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the floor and/or walkway materials present on the premises in question and at issue in this lawsuit; **No. 7,** whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, JARROD BENEFIELD, while at the premises involved in the occurrence made the basis of this suit; **No. 8,** whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; **No. 9,** whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; **No. 10,** whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; **No. 11,** whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; **No. 12,** whether singular or plural, that entity or those entities which reinsured or provided excess coverage; **No. 13,** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 14,** being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; **No. 15,** being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; **No. 16,** being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; **No. 17,** being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; **No. 18,** being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining and operating the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, JARROD BENEFIELD, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

4.      On or about the April 24, 2016, Plaintiff was an invitee of the Defendant, CAPTAIN D's, LLC., situated at 9973 Parkway East, Center Point, Alabama 35215, when Plaintiff, JARROD

BENEFIELD, suffered a fall resulting from a pooling water or other liquid or substance on the floor of Defendant's premises located at 9973 Parkway East, Center Point, Alabama 35215.

5.     Defendants, CAPTAIN D's, LLC. and/or one or more of the other fictitious party defendants listed and described hereinabove, negligently, recklessly, and/or wantonly caused or allowed Plaintiff, JARROD BENEFIELD, to fall and suffer injuries and damages to his person by failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions.  Defendants, CAPTAIN D's, LLC. and one or more of the other fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous and/or dangerous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard of allowing the dangerous condition to be left and/or to remain on the premises in the path of invitees of the Defendant, CAPTAIN D's, LLC., and were negligent and/or wanton in creating a hazard on the floor and/or walkway on the premises in the path of invitees of the Defendant, CAPTAIN D's, LLC.

6.     As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

    (a.)     Plaintiff suffered severe injuries to his person;

    (b.)     Plaintiff was caused and will be caused in the future to undergo medical treatment in and about an effort to cure and treat said injuries.

    (c.)     Plaintiff has incurred and will incur in the future medical expenses in treatment of said injuries;

    (d.)     Plaintiff has been caused and will be caused to endure great pain and suffering;

    (e.)     Plaintiff has been caused and will be caused to suffer permanent injury that caused and will cause residual problems;

    (f.)     Plaintiff has been caused to be permanently injured;

    (g.)     Plaintiff has been caused to suffer mental anguish;

    (h.)     Plaintiff has been caused to suffer lost wages;

    (i.)     Plaintiff has caused to suffer aggravation and or exacerbation to then existing conditions that he either did or did not know of at the time; and

    (j.)     All other damages to which Plaintiff may be entitled.

## COUNT I - NEGLIGENCE

7.      On or about April 24, 2016, Plaintiff was an invitee of Defendant, CAPTAIN D's, LLC., at its premises in Pike County, AL, when Plaintiff, JARROD BENEFIELD, suffered a fall resulting from a defective and/or dangerous condition at the premises.

8.      Defendants, CAPTAIN D's, LLC. and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed Plaintiff to fall upon the floor and/or walkway on the CAPTAIN D's, LLC. premises and failed to keep and maintain the CAPTAIN D's, LLC. premises to be free and clear of potentially hazardous conditions. Defendants, CAPTAIN D's, LLC. and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their patrons of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by patrons or invitees.  Further, Defendants, whether named herein or fictitiously described hereinabove, were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises and was a hazard to their invitees.

9.      As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

        WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for general and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

10.     Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

11.     Defendants, CAPTAIN D's, LLC. and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed Plaintiff to fall upon the floor and/or walkway at the CAPTAIN D's, LLC. premises and failed to keep and maintain said premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions. Defendants, CAPTAIN D's, LLC. and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and/or were negligent and/or wanton in creating a hazard of a dangerous material on the floor in the path of invitees and were negligent and/or wanton in affirmatively creating a hazard of allowing hazardous and dangerous conditions and/or materials to be placed or allowed to remain on a route

regularly used by invitees of CAPTAIN D's, LLC. in a location that would likely lead to harm to its invitees due to the location of the hazard.

12.     Defendants, CAPTAIN D's, LLC. and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the hazard at issue in this lawsuit to be placed, or did place or to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to invitees of CAPTAIN D's, LLC., and did cause injury to Plaintiff.

13.     As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

        WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for general and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.


## COUNT III – PREMISES LIABILITY

14.     Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

15.     Defendants, CAPTAIN D's, LLC. and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed dangerous materials and/or conditions to be placed or to remain upon the premises in an area that was used by invitees of CAPTAIN D's, LLC. to move around the business.

16.     At the aforesaid time and place, Defendant, CAPTAIN D's, LLC., and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place to use the premises.  Further, if any defects in their owned or leased premises existed, CAPTAIN D's, LLC., and/or the other fictitious party defendants as listed and described hereinabove had the duty to warn its patrons or invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees.  Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place to ambulate and use the premises and by failing to warn him of the hazard and/or defect which he encountered which was known to them or which they negligently failed to detect in their use, operation and maintenance of and upon the premises.  Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

17.     Defendant, CAPTAIN D's, LLC., and one or more of the fictitious party defendants listed and described hereinabove, were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the

premises was inspected, maintained and configured and the floor and/or walkway materials, cleaning materials, methods and schedule for cleaning, inspecting and maintaining said premises and for establishing patterns and routes for their invitees to ambulate and/or travel around and about the premises therein and about said premises at the time and place of the occurrence made the basis of Plaintiff's complaint and negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to Plaintiff in causing or allowing the premises upon which Plaintiff fell to be unreasonably dangerous and/or hazardous due to the dangerous materials and condition being present upon the premises and causing a hazard, either in and of itself or in conjunction with the cleaning, maintenance or other procedures used upon the premises or through the schedule of said maintenance or lack of said scheduled maintenance.  Said Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the premises was maintained and presented to the invitees for their use in ambulating and/or traveling about the premises as invitees and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

18.    Plaintiff avers that Defendants, whether named herein or fictitiously described in the caption hereinabove, negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff.  Defendants, CAPTAIN D's, LLC. and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, negligently, wantonly, recklessly and/or willfully caused or allowed the slippery clear liquid to remain in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

19.    At the aforesaid time and place, Defendants, CAPTAIN D's, LLC. and one or more of the fictitious party defendants listed and described in the caption hereinabove, did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

20.    Defendant, CAPTAIN D's, LLC. and one or more of the fictitious party defendants listed and described in the caption hereinafter, negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

21.    Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of Defendants, CAPTAIN D's, LLC. and the fictitious party defendants listed and described hereinabove.

22.     The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants, including the fictitious party defendants, combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

23.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for general and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV - RESPONDEAT SUPERIOR AND AGENCY

24.     Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

25.     Plaintiff avers and alleges that Fictitious Defendants 1-18 were the agent and employee of Defendant, CAPTAIN D's, LLC., and consequently, Defendant, CAPTAIN D's, LLC., and/or other fictitious defendants, are liable for any negligent and/or wanton acts committed by Fictitious Defendants 1-18 while he or she was acting within the line and scope of their employment.

26.     Fictitious Defendant 1-18 negligently and/or wantonly caused or allowed the Plaintiff to fall on the occasion made the basis of this lawsuit, as aforesaid.

27.     Fictitious Defendant 1-18 was acting within the line and scope of his or her employment on the occasion made the basis of this lawsuit.

28.     As a proximate consequence of the negligence and/or wantonness of Fictitious Defendant 1-18, CAPTAIN D's, LLC., and/or other fictitious defendants, are liable to the Plaintiff for the damages set forth above in paragraph six (6) under the theories of respondeat superior and agency.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff hereby demands judgment against the Defendants, and/or other fictitious defendants, in an amount as the court may determine, together with interest from the date of the injury plus the costs of this action.

**DATED:** This the 4th day of July, 2017.

/s/ John B. Welsh
John B. Welsh (WEL038)
Attorney for the Plaintiff

**OF COUNSEL:**
ALEXANDER SHUNNARAH
INJURY LAWYERS, P.C.
3626 Clairmont Avenue S.
Birmingham, Alabama 35222
P (205) 983-8163
F (205) 983-8463


**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**


*/s/ John B. Welsh*
OF COUNSEL


<u>CLERK:  Please Serve Defendants by Certified Mail</u>:
CAPTAIN D's, LLC.
c/o Corporation Service Company, LLC.
641 South Lawrence Street
Montgomery, AL 36104

ELECTRONICALLY FILED
7/4/2017 3:01 PM
01-CV-2017-902690.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JARROD BENEFIELD,           )
an individual,                )
                            )
     **Plaintiff,**         )
                            )
**v.**                        )     CASE NO.: _____
                            )
**CAPTAIN D's, LLC**     )
**a foreign corporation;**    )
                            )
     **Defendants.**      )

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

The Plaintiff hereby serves these First Interrogatories and Request for Production of Documents upon the Defendants, CAPTAIN D's, LLC. to be answered under oath in accordance with the Alabama Rules of Civil Procedure. These Interrogatories shall be deemed continuing so as to require supplemental answers if the person to whom the interrogatory is addressed obtains further information between the time the answers are served and the time of trial. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of the Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to the aforementioned persons.

## DEFINITIONS

NOTE A:  Any reference to "you," "your," "this defendant," "these defendants" or any other similar reference shall be construed to acknowledge and/or otherwise identify Defendant CAPTAIN D's, LLC. as identified in the Plaintiff's Complaint.

NOTE B:  These interrogatories and requests for production of documents shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response.  Any such supplemental answers are to be filed and served upon counsel for the Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

NOTE C:     If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such documents compromising said file) by title, along with a short description of its subject matter.

NOTE D:     The terms "Plaintiff," "Plaintiffs" and/or "Plaintiff's" refer to one JARROD BENEFIELD in her individual capacity on or about the date of the injury giving rise to the present lawsuit.

NOTE E:     The terms "scene," "site," "place" and/or "aisle" refer to that place representing the site, aisle and/or area of this Defendant's premises where one JARROD BENEFIELD sustained injuries forming the basis of the present civil action.

## INTERROGATORIES

1.      Who were the supervisory employees who were authorized and/or assigned to oversee housekeeping and/or maintenance conducted at CAPTAIN D's, LLC. located at 9973 Parkway East, Center Point, Alabama 35215 during business hours on April 24, 2016?   Your response should include the full name of any and all employees, job titles, last known addresses and social security numbers.

2.      State this Defendant's name correctly and/or the correct way this Defendant should be designated as a party Defendant in an action at law (at the time of the occurrence forming the basis of this suit and at the time these interrogatories were answered).

3.      State the name and address of each person from whom a statement, whether oral, written or otherwise recorded that has been obtained by this defendant or on behalf of this Defendant. Your response should also include the dates and times of any such statements.

4.      Describe in full detail this Defendant's account of the occurrence forming the basis of the Plaintiff's Complaint, *i.e.*, how the Plaintiff's injury occurred.  Include in your response a detailed description of all events that had any bearing on the cause and manner of the occurrence, whether said event occurred before, at the time of, or after the happening of the occurrence.

5.      Describe in full detail all acts, actions, activities or movements which, to this Defendant's knowledge, any employee of the Defendant or anyone else to this Defendant's knowledge, saw relating to the Plaintiff's activities up to and including the time of the occurrence made the basis of this lawsuit that relate in any way to said occurrence.

6.      List and describe any and all maintenance inspections, floor cleaning schedules or other types of inspections conducted by this Defendant at or about the scene of the occurrence forming the basis of this lawsuit for one week before, on the day of and for one week after the incident forming the basis of this lawsuit.

7.      Describe any cleaning, maintenance, plumbing or alterations that have been made the subject area that this Defendant or anyone to this Defendant's knowledge made/ordered to any person or entity either before or subsequent to the incident forming the basis of the Plaintiff's Complaint.

8.      Describe to the best of this Defendant's knowledge how a slippery substance came to

be in the floor in the area where the Plaintiff fell.

9.      In addition to the description you provided in Interrogatory eight (8) above, state how long the Defendant was aware of the presence of the slippery substance on which the Plaintiff fell.

10.      State the full name and address of any person who suffered injuries at or about the same location involved in the incident forming the basis of this lawsuit at any time prior to, on the day of or after the incident forming the basis of this lawsuit.

11.      Describe in detail when and by whom the Defendant was first informed of the Plaintiff's injury at the site of the occurrence forming the basis of this lawsuit.

12.      State whether the Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the occurrence forming the basis of this lawsuit, including the scene of said occurrence.  If so, describe each photograph or motion picture, state when it was taken, and state the name, address and job description of the person who has possession, custody or control of each respective photograph or motion picture. Attach any and all such photographs or motion pictures to your interrogatory answers.

13.      Was an investigation or report made by and/or for the Defendant pertaining to the occurrence made the basis of this lawsuit?  If so, provide the following information:

  (a)      The contents, nature and substance of any and all reports that were made;

  (b)      The result or conclusions of any and all investigation conducted;

  (c)      The dates and times for any and all investigations or reports generated;

  (d)      The name and job title of the person or persons who conducted any such investigation or produced any such reports;

  (e)      The name and job title the person or persons who supervised or participated in any way with regard to any investigation or report generated; and

  (f)      The name and job title of the person or persons who are in the care, custody and control of such documents at the present time.

14.      Describe the type of insurance coverage or protection provided for the Defendant at the time of the occurrence forming the basis of this lawsuit or at any time prior thereto, and state the applicable limits of liability.

15.      State the full name and address of each witness that you expect to call at the trial of this case.

16.      State the full name and address of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the incident referenced in the Plaintiff's complaint, including, but not limited to, eyewitnesses to the event.

17.     State in complete detail this Defendant's policies and procedures for warning or otherwise placing customers on notice of the potential for dangerous or hazardous conditions that are present or exist on the flooring of the Defendant's premises.

18.     Describe in complete detail the substance of any and all statements made by the Plaintiff to the Defendant or any and all agents, servants or employees of the Defendant at the scene of the Plaintiff's fall and immediately thereafter.

19.     Is it the contention of the Defendant that the Plaintiff, by any act or omission, caused or contributed to cause her own injury?  If so, state in complete detail each and every act or omission by the Plaintiff that you contend caused or contributed to cause her injury.

## REQUESTS FOR PRODUCTION

1.     Produce any and all statements taken by the Defendant, or taken at the direction or instruction of the Defendant pertaining to the facts and circumstances giving rise to the present civil action.

2.     Produce any and all documentation related to any manuals, booklets or other writings generated by the Defendant that concern policies and procedures for conducting investigation and documentation of injuries that occur within this Defendant's stores.

3.     Produce any and all documentation evidencing or relating to any and all accident investigation, incident reports, memoranda, correspondence or any other documents, sketches, surveillance video or photographs of the scene or the Plaintiff that relate to the incident forming the basis of this lawsuit.  The response to this request should include any and all documentation used or referenced to provide responses to any of the Plaintiff's Interrogatories above.

4.     Produce any and all documentation evidencing or relating to the Defendant's policies and procedures, whether written or otherwise, for cleaning, maintaining and inspecting floors.

5.     Produce any and all documentation evidencing or relating to all repairs, modifications, maintenance, clean-ups or variations of the area forming the basis of this lawsuit, including inspection logs or visual inspection checklists.  The response to this request should include any and all documentation used or referenced to provide responses to any of the Plaintiff's interrogatories set out above.

6.     Produce any and all documentation used or referenced by the Defendant or any agent, representative or employee of the Defendant to provide responses to any of the Plaintiff's interrogatories set out above.

7.     Produce complete copies of any and all documents you receive throughout the by way of subpoena or release.

**DATED:** This the _4th_ day of July, 2017.

/s/ John B. Welsh
John B. Welsh (WEL038)
Attorney for the Plaintiff

**OF COUNSEL:**
ALEXANDER SHUNNARAH
INJURY LAWYERS, P.C.
3626 Clairmont Avenue S.
Birmingham, Alabama 35222
P (205) 983-8163
F (205) 983-8463

**CLERK:  PLEASE SERVE WITH SUMMONS AND COMPLAINT**



AlaFile E-Notice

01-CV-2017-902690.00

To:   JOHN B. WELSH
      JWelsh@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JARROD BENEFIELD V. CAPTAIN D'S, LLC.
01-CV-2017-902690.00

The following complaint was FILED on 7/4/2017 3:01:43 PM

Notice Date:     7/4/2017 3:01:43 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902690.00

To:  CAPTAIN D'S, LLC.
C/O CSC, INC.
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JARROD BENEFIELD V. CAPTAIN D'S, LLC.
01-CV-2017-902690.00

The following complaint was FILED on 7/4/2017 3:01:43 PM

Notice Date:      7/4/2017 3:01:43 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-902690.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JARROD BENEFIELD V. CAPTAIN D'S, LLC.

**NOTICE TO:** CAPTAIN D'S, LLC., C/O CSC, INC., MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN B. WELSH ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2 NORTH 20TH STREET, SUITE 1405, BIRMINGHAM, AL 35203 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JARROD BENEFIELD pursuant to the Alabama Rules of the Civil Procedure.

| 7/4/2017 3:01:43 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ JOHN B. WELSH

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,

*(Name of Person Served)*    *(Name of County)*

Alabama on .

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
JARROD BENEFIELD V. CAPTAIN D'S, LLC.

01-CV-2017-902690.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $7.71

Parties to be served by Certified Mail - Return Receipt Requested

CAPTAIN D'S, LLC.                                    Postage: $7.71
C/O CSC, INC.
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7017 0530 0000 1643 8519

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ CV 2017 902690 S/C
Total Postage and Fees
$

Sent To Captain D's LLC
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

CAPTAIN D'S, LLC.
C/O CSC, INC.
MONTGOMERY, AL 36104

CV 2017 902690 S/C

9590 9402 2955 7094 1082 40

2. Article Number *(Transfer from service label)*
7017 0530 0000 1643 8519

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   ($)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   CAPTAIN D'S, LLC.

   C/O CSC, INC.

   MONTGOMERY, AL 36104



9590 9402 2955 7094 1082 40

2. Article Number (Transfer from service label)

7017 0530 0000 1643 8519

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ Mail
☐ ____ Mail Restricted Delivery
        ____

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



USPS TRACKING #

9590 9402 2955 7094 1082 40

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

JUL 19 2017

ANNE-MARIE ADAMS
CLERK

* Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203



AlaFile E-Notice

01-CV-2017-902690.00

Judge: JIM HUGHEY III

To: WELSH JOHN BATES
JWelsh@asilpc.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JARROD BENEFIELD V. CAPTAIN D'S, LLC.
01-CV-2017-902690.00

The following matter was served on 7/14/2017

**D001 CAPTAIN D'S, LLC.**
**Corresponding To**
AUTHORIZED SERVICE
S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov